UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| LORENZO CORNELIUS | CIVIL ACTION NO. 08-1291 |
| LDOC # 397479 | |
| VS. | SECTION P |
| | JUDGE JAMES |
| WARDEN SHIVERS, ET AL. | MAGISTRATE JUDGE HAYES |

REPORT AND RECOMMENDATION

Pro se plaintiff Lorenzo Cornelius, a prisoner in the custody of Louisiana's Department of Public Safety and Corrections (LDOC), filed the instant civil rights complaint (42 U.S.C. §1983) on August 27, 2008. He has been permitted to proceed *in forma pauperis*. Plaintiff is incarcerated at the Madison Parish Correctional Center (MPCC), Tallulah, Louisiana. He sues MPCC Warden Jimmy Shivers and Deputies Freddy Brooks and Steve James seeking reimbursement of funds taken from his prison account by the defendants and compensatory damages for pain and suffering and isolation. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous.

*Statement of the Case*

Plaintiff is a Louisiana convict who is presently incarcerated at the MPCC in Tallulah. Read liberally, his sparse pro se complaint implies that on August 4, 2008, the defendants misappropriated $30.00 from his inmate account and, on August 8, 2008, they misappropriated a $60.00 postal money order. The latter incident required him to spend an additional $5.00 to trace the money order. Finally, he claims that on August 9, 2008 the defendants misappropriated $5.00

that was apparently given to him during visiting hours. He suggests that the defendants are guilty of violating La. R.S.14:134 which proscribes malfeasance in office , and, as noted above, he seeks reimbursement of the misappropriated funds and compensatory damages for pain and suffering.[1]

*Law and Analysis*

*1. Screening*

When a prisoner is allowed to proceed *in forma pauperis* in a suit against an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

---

[1] Plaintiff filed a similar complaint on January 2, 2008. In that proceeding he complained that prison officials had stolen various items of his personal property and cash from him on certain unspecified dates. That matter was ultimately dismissed as frivolous on May 13, 2008. See Lorenzo Cornelius v. Kenneth Cheatum, et al., No. 3:08-cv-00012.

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but they are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Furthermore, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

The law accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neiztke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Plaintiff has filed a bare bones complaint, but it is clear that he is alleging that the defendant prison officials wrongfully misappropriated or seized money belonging to him. As is shown below, his claim for relief based upon that factual allegation is subject to dismissal on initial review and further amendments to the pleadings would not cure that deficiency.

**2. Parratt/Hudson**

The Due Process Clause of the Fourteenth Amendment provides "nor shall any State deprive any person of life, liberty, or property, without due process of law." U.S. Constitution, Amendment XIV. However, the jurisprudence makes it abundantly clear that a prisoner's claim for the random deprivation of personal property is not cognizable under §1983. In *Parratt v. Taylor*, 451 U.S. 527, 544, 107 S.Ct. 1908, 68 L.Ed.2d 420 (1981), a prisoner claimed that prison officials had negligently deprived him of his personal property without due process of law. The Supreme Court held that the prisoner was "deprived" of his property within the meaning of the Due Process Clause of the Fourteenth Amendment, but the Court ruled that the State's post-deprivation tort remedy provided all the process that was due. *Id.,* 451 U.S. at 536-37, 101 S.Ct. at 1913. The Due Process Clause does not embrace tort law concepts. *Id.* Although a prisoner may be afforded a remedy under state tort law for deprivation of property, the Fourteenth Amendment does not afford the prisoner a remedy. *Daniels v. Williams,* 474 U.S. 327, 325, 106 S.Ct. 662 at 667, 88 L.Ed.2d 662 (1986).

Even in instances where intentional deprivation occurs, as is apparently alleged herein, where an adequate state post-deprivation remedy is available, the Due Process Clause is not implicated. *Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984); *Davis v. Bayless*, 70 F.3d 367 (5th Cir. 1995); *Murphy v. Collins*, 26 F.3d 541 (5th Cir. 1994).

This principle (known as the *Parratt/Hudson* doctrine) rests on the premise that because the state is unable to predict random and unauthorized conduct, pre-deprivation remedies are unfeasible. *Davis*, 70 F.3d at 375, citing, *Zinermon v. Burch*, 494 U.S. 113, 128-32, 110 S.Ct. 975, 985-86, 1098 L.Ed.2d 100 (1990) (distinguishing between random unauthorized conduct and a deprivation which results from predictable conduct authorized by a State).

4

In this case, plaintiff's allegations, accepted as true for purposes of this Report, demonstrate that a random and unauthorized deprivation occurred when plaintiff's funds were either seized or misappropriated by prison personnel. If adequate state law remedies are available, no further due process is required under the Constitution.

Louisiana law provides plaintiff the opportunity to seek redress for either the negligence of prison officials or an intentional tort committed by employees of the prison facility. See, La. Civil Code, art. 2315. This provision of state law which is the general tort provision of Louisiana's Civil Code provides all the process that is required, and thus, the Fourteenth Amendment is not implicated. *Charbonnet v. Lee*, 951 F.2d 638 (5th Cir.), *cert. denied*, 505 U.S. 1205, 112 S.Ct. 2994, 120 L.Ed.2d 871 (1992).

A liberal construction of plaintiff's complaint fails to support a constitutional violation; plaintiff's claim is clearly barred by the *Parratt/Hudson* doctrine. Since plaintiff has not demonstrated that the defendants violated his constitutional rights, his claim is not a cognizable claim under §1983.

Accordingly,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[2]

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties

---

[2] Two of plaintiff's previous civil rights complaints have been dismissed as frivolous. See *Cornelius v. La. Dept. of Public Safety & Corrections*, No. 5:04-cv-2154 and *Cornelius v. Cheatum*, No. 3:08-cv-0012. Plaintiff is cautioned that should he accumulate a third such dismissal, as has been recommended herein, he will thereafter be prohibited from filing civil rights complaints *in forma pauperis* unless he is in imminent danger of serious physical injury . See 28 U.S.C. §1915(g).

aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, December 16, 2008.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE